THE INDEPENDENT ICE ASSOCIATION, Respondent, *v.* WALLACE C. ANDREWS, Appellant, Impleaded with Others.

*Contract for the sale of ice — obligation to furnish ice — damages for its breach — statement of a cause of action.*

The complaint in an action brought to recover damages for the breach of a written agreement by which ice was to be furnished by the defendants and sold by the plaintiff at its wharves or "ice bridges," and which provided that if the defendants failed to "cover" the bridges with ice, the plaintiff was to cover them and receive fifty cents a ton for so doing, was demurred to on the ground that it failed to state a cause of action.

*Held*, that taken as a whole the written instrument constituted a contract between the parties to enter upon the business of selling ice;

That assuming the word "cover" to be used in the sense of "furnish" the defendants were under obligation to furnish ice at the bridges every day to continue the business in operation;

That such being the contract, the failure of the defendants to furnish ice at the bridges constituted a breach, the damage for which was fixed at fifty cents a ton;

And, hence, that the complaint stated a cause of action.

APPEAL by the defendant, Wallace C. Andrews, from an interlocutory judgment of the Supreme Court, entered in the office of the clerk of Kings county on the 12th day of January, 1893, upon a decision rendered at the Kings County Special Term, overruling the appellant's demurrer to the complaint.

*James W. Hawes,* for the appellant.

*Potter & Potter,* for the respondent.

DYKMAN, J.:

This is an appeal from an interlocutory judgment overruling a demurrer to the complaint, on the ground that it failed to state a cause of action. The complaint is based upon a written agreement, and alleges a breach thereof by the defendants to the damage of the plaintiff.

Although the agreement is somewhat obscure, we yet think it imposes mutual obligations upon the parties thereto.

It commences with a recitation that the plaintiff has a lease of two certain wharves occupied as ice bridges; it agrees that if the defendants shall furnish ice to be sold over such bridges until the 1st day of April, 1891, the plaintiff will furnish free wharfage, hoist, and do all business connected with the selling of such ice, and offered all the facilities in its power to increase the trade that may be obtainable over those docks.

Then it is provided that the defendants shall have the privilege of putting a bridge boss to represent their interest, and that the weighing should be done by their weighmaster or under his supervision, as he shall elect; that the cash shall be taken by the defendants' cashier, and that all credits authorized by Mr. C. H. Eldridge representing the plaintiff, shall be paid for daily, by check of Eldridge.

The plaintiff was to receive ten per cent of the gross receipts, including credits, each day for ice sold over the bridges, and five dollars a day was to be deducted from the said ten per cent to pay for the services of two men, who are at each bridge to represent the interest of the defendants.

Then it was stated to be further understood that the defendants should have the privilege of canceling the agreement upon twenty days' notice.

Further, it was provided that if either of the bridges became uncovered the plaintiff should be expected to cover said bridge from the bridge which might have ice, in such manner as they thought best, and for such transfer it should receive, in addition to the ten

per cent, an additional allowance of fifty cents per ton, such transfer to be made in an economical manner.

The last clause was this : " In case both of said bridges are out of ice at one time, they shall be covered from such of our bridges as may be provided and in manner aforesaid."

It was alleged in the complaint that the plaintiff performed all the obligations assumed by it under the agreement, but that the defendants neglected and refused to furnish ice to be sold over the wharf and bridges, excepting prior to about the 10th day of September, 1890, and that after such date they wholly neglected to furnish ice, as required by the terms of the agreement.

That by reason of such neglect the plaintiff was compelled to and did cover the bridge mentioned from other bridges at which it had ice from time to time, to the amount of about 6,000 tons, and that the transfer was made in an economical manner.

That the defendants have paid nothing to the plaintiff, either for the business carried on or for furnishing ice to cover the bridges, and that the agreement has never been canceled.

Taken as a whole, the written instrument constituted a contract between the parties to enter upon the business of selling ice.

The ice was to be furnished by the defendants,. and sold by the plaintiff at their wharves, and if they failed to furnish ice to cover the bridges the plaintiff was to cover them and receive fifty cents a ton for so doing. We assume that the word " cover " is used in the agreement in the sense of " furnish," and that the defendants were under obligation to furnish ice at the bridges every day to continue the business in operation.

Such being the contract, the failure of the defendants to furnish ice at the bridges constituted a breach, and the damage therefor is fixed at fifty cents a ton.

In this view the complaint states a cause of action, and the judgment should be affirmed, with costs.

BARNARD, P. J., and PRATT, J., concurred.

Order overruling demurrer to complaint and judgment therein affirmed, with costs.